IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Russell Antonio Cunningham, | ) | C/A No. 0:20-4497-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Mike Hunt, *Aiken County Sherriff*; Nick Gallam, *Captain*; Bill Wheats, *The Honorable Bill Wheats, Solicitor*, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court for review of the July 28, 2021 Report and Recommendation (the "July 28 Report") and the February 3, 2022 Report and Recommendation (the "February 3 Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C). [ECF Nos. 38, 64.]

The July 28 Report recommends that Defendant Bill Weeks, misidentified as Bill Wheats in the caption of this case, be summarily dismissed from this case with prejudice and without issuance and service of process because he is entitled to prosecutorial immunity from Plaintiff's claims. *See* [ECF No. 38 at 4.] The February 3 Report recommends dismissal of this case for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [ECF No. 64 at 2 (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).]

**PROCEDURAL BACKGROUND**

Plaintiff Russell Antonio Cunningham ("Plaintiff"), proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983. *See* [ECF No. 12, Am. Compl.] On December 1, 2021, Defendants filed a motion for summary judgment. [ECF No. 54.] By order of this court filed December 2,

1

2021, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. [ECF No. 56.] Nevertheless, Plaintiff failed to respond to the motion. On January 13, 2022, the court filed a second order directing Plaintiff to file a response to Defendants' motion for summary judgment within fourteen days and advising him that failure to respond would result in recommended dismissal of this action with prejudice for failure to prosecute. [ECF No. 61.] Again, Plaintiff failed to file a response. As a result, on February 3, 2022, the Magistrate Judge issued her Report recommending dismissal for failure to prosecute. [ECF No. 64.] To date, the court has not received Plaintiff's response to Defendants' motion for summary judgment.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Plaintiff failed to file objections to the July 28 Report, and the time to do so has expired. *See* [ECF No. 38 at 5.] Accordingly, the court reviews the July 28 Report for clear error, and finding none, adopts the Report in its entirety.

Regarding the February 3 Report, the record reflects that Plaintiff did not receive a copy, as the mailing was returned to the court as undeliverable. *See* [ECF No. 64.] Plaintiff, however, has failed to notify the court of any change in address. Nor has he filed any response to Defendants' motion for summary judgment, despite two prior orders (which were not returned as undeliverable mail) instructing him to respond and warning him of the possible consequences if he failed to do so. *See* [ECF Nos. 56, 61.]. The court, therefore, agrees with the Magistrate Judge's assessment that it appears Plaintiff no longer wishes to pursue this action and adopts the February 3 Report in its entirety.

## CONCLUSION

After a thorough review of the July 28 and February 3 Reports, ECF Nos. 38 and 64, the applicable law, and the record of this case, the court adopts the Reports and incorporates the Reports by reference herein. Accordingly, Defendant Weeks is summarily **DISMISSED** from this action with prejudice and without issuance and service of process, and this action is **DISMISSED** with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As a result, Defendants' motion for summary judgment, ECF No. 54, is terminated as **MOOT.**

**IT IS SO ORDERED.**

March 16, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge